UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 02476**

------------------------------------------------------------

THOMAS J.P. COURTNEY,

                Plaintiff,

    -against-

McDONALDS,

                Defendant.

**ORDER OF DISMISSAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/08

------------------------------------------------------------

    Plaintiff, appearing *pro se*, brings a complaint seeking to proceed *in forma pauperis*.[1] Plaintiff

seeks a total of twenty-one billion dollars in damages. Plaintiff's request to proceed *in forma pauperis*

is granted. For the following reasons, however, Plaintiff's action is dismissed without prejudice, and

Plaintiff is directed to show cause by affirmation, within twenty (20) days of the date of this order, why

he should not be barred from filing any future civil action *in forma pauperis* in this Court without the

Court's leave to file.

**BACKGROUND**

    Plaintiff alleges that on March 19, 2007, he visited a McDonald's restaurant in Yonkers, New

York. (Compl. ¶¶ I(B), III(A), (B)). Plaintiff alleges that he "was thrown out of [the restaurant]

because [he is] utterly opposed to today's feminist national orientation [and Plaintiff] makes no secret

of [his] opposition, using every occasion [he] can to demonstrate such." (Id. ¶ III(C)). Plaintiff further

alleges that Defendant, "through its manager Mary, is engaged in upholding the nonsense that men

[and] women are 'equal.' In her ([and Defendant's]) blind pursuit of such lunacy, [Plaintiff alleges that

he] was thrown out of [the restaurant] not once[,] but s[e]veral times and [Yonkers Police Department

------------------------------------------------------------

[1] The Court's *Pro Se* Office received Plaintiff's complaint on August 3, 2007.

("YPD") police] officers . . . were involved." (Id.)  Plaintiff alleges that

> [o]ver the past two years, the manager of [the restaurant] (Mary), her boss and others
> have come over to where [Plaintiff] usually sit[s] to say that women have complained
> because [Plaintiff asks] them if they want to be on [his] email list detailing [Plaintiff's]
> four cases before the U.S. Supreme Court as well as [Plaintiff's] songs, poems and talks
> before the Westchester County Board of Legislators, [the] Yonkers City Council, [and
> the] Yonkers Board of Education . . . .

(Id. at attachment, p. 2).  Plaintiff alleges that "Mary has often threatened to exclude [him] despite the

fact that [Plaintiff is] permanently and totally disabled, [and] on Social Security Disability (since 1992)

and can not walk without [a] walker, all of which [Plaintiff] told her - and is quite visible."  (Id.).

Plaintiff alleges that at "various times, different pretexts have been used to try and exclude [him],

including a purported '30 minute' rule for staying in McDonald[']s [restaurants] . . . . It is not enforced

against many 'old guys' who come in, get coffee and shoot the breeze for hours."  (Id.).

Plaintiff alleges that on March 19, 2007, the manager of the restaurant, Mary, approached

Plaintiff while he was in the restaurant and said, "that's it[,]" because "a woman had complained that

[Plaintiff] 'looked' at her and . . . for that reason, [Mary told Plaintiff] to 'leave' and not come back."

(Id.).  Plaintiff makes the following allegations with respect to that "looking" incident:

> [Plaintiff] was sitting on one side of a glass wall when a woman sat down with her back
> to [Plaintiff] on the other side - [Plaintiff] looked at her.  Was it [Plaintiff's] fault that
> she had a very attractive rear that was quite apparent as her pants were so low that they
> were 2 inches below the top of the crack in her rear?

(Id.).  Plaintiff alleges that his "main fault is that [he is] an unapologetic male chauvinist." (Id.).

Plaintiff also appears to allege that he was also ejected from the restaurant on April 4, 2007 and on

April 30, 2007, after police officers from the YPD were again called to the restaurant.  (Id. at

attachments, pp. 1, 3).

Plaintiff alleges that his ejections from the restaurant constitute discrimination on the part of

Defendant.  (Id. ¶ II(B), attachment, p. 3).  Plaintiff alleges the injuries he has suffered "are substantial

2

and began more than 20 years ago although [Defendant] was not directly involved[.]" (Id. ¶ IV).
"[Defendant is] a representative of those who inflicted these injuries on [Plaintiff.]" (Id.). Plaintiff
seeks monetary damages so that he "can start schools to properly educate boys how to better be men
[sic] [.]" (Id. ¶ V).

## DISCUSSION

## Plaintiff's Possible Claims Brought Under Title III Of The Americans With Disabilities Act Of 1990

Granting Plaintiff's complaint the liberal interpretation which it is due, see Haines v. Kerner,
404 U.S. 519, 520-21 (1972) (per curiam); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (*pro
se* pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they
suggest'") (citation omitted), it appears that Plaintiff raises claims under Title III of the Americans with
Disabilities Act of 1990 ("ADA"), Pub. L. No. 101-336, Title III, §§ 301-310, 104 Stat. 353-365
(1990), codified at 42 U.S.C. §§ 12181-12189, arising out of what Plaintiff alleges were his repeated
ejections from the restaurant. Under Title III of the ADA, "[n]o individual shall be discriminated
against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
privileges, advantages, or accommodations of any place of public accommodation by any person who
owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Public
accommodations, under Title III of the ADA, include "restaurant[s], bar[s], or other establishment[s]
serving food or drink" that affect commerce. 42 U.S.C. § 12181(7)(B). "The ADA provides for
liability for any person or private entity 'who owns, leases (or leases to), or operates a place of public
accommodation." Bowen v. Rubin, 385 F.Supp.2d 168, 180 (E.D.N.Y. 2005) (quoting § 12182(a));
see 28 C.F.R. § 36.201(a); 28 C.F.R. § 36.104 (definitions of a private entity and a public
accommodation). Furthermore, "[i]njunctive relief is the only remedy available to private litigants

3

under Title III of the ADA." <u>Bowen</u>, 385 F.Supp.2d at 181; <u>see</u> 42 U.S.C. § 12188(a)(1); <u>Disabled in</u>

<u>Action of Metro. New York v. Trump Int'l Hotel & Tower</u>, No. 01 Civ. 5518 (MBM), 2003 WL

1751785, at *6 (S.D.N.Y. Apr. 2, 2003).

Notwithstanding whether Plaintiff has alleged facts demonstrating that he suffers from a

disability[2], he has failed to allege any facts demonstrating that Defendant discriminated against him

based on his disability. Furthermore, to the extent Plaintiff raises claims under Title III of the ADA,

he is precluded from seeking monetary damages, which is the only type of relief Plaintiff seeks.

Therefore, to the extent Plaintiff raises claims under Title III of the ADA, such claims are dismissed.

**Plaintiff's Possible Claims Brought Under Title II Of The Civil Rights Act Of 1964**

Also, to the extent Plaintiff raises claims under Title II of the Civil Rights Act of 1964, Pub. L.

No. 88-352, Title II, § 201, 78 Stat. 243 (1964) ("Title II"), 42 U.S.C. § 2000a, <u>see</u> <u>Haines</u>, 404 U.S.

at 520-21; <u>Graham</u>, 89 F.3d at 79, such clams must also be dismissed. Under Title II, "[a]ll persons

shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

and accommodations of any place of public accommodation . . . without discrimination or segregation

on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). A "place of public

accommodation," under Title II, includes "any restaurant, cafeteria, lunchroom, lunch counter, soda

fountain, or other facility principally engaged in selling food for consumption on the premises" that

"serves or offers to serve interstate travelers or [serves] a substantial portion of [] food . . . or [sells]

other products . . . [that] has moved in commerce." 42 U.S.C. § 2000a(b), (c). As with claims raised

under Title III of the ADA, the only relief available for claims raised under Title II is injunctive relief.

---

[2] Under the ADA, the term "disability," with respect to any individual, is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

See 42 U.S.C. § 2000a-3(a); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02 (1968) (per curiam).

Plaintiff has failed to allege any facts demonstrating that he has been discriminated against by Defendant based on his race, color, religion, or national origin. In addition, as with Plaintiff's claims raised under Title III of the ADA, Plaintiff is precluded from seeking monetary damages under Title II. As discussed above, that is the only type of relief he seeks. Therefore, to the extent Plaintiff raises claims under Title II of the Civil Rights Act of 1964, such claims are dismissed.

**Plaintiff's Possible State Law Claims**

In addition, to the extent Plaintiff raises state law claims under the Court's supplemental jurisdiction, see Haines, 404 U.S. at 520-21; Graham, 89 F.3d at 79, such claims are dismissed. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction[.]" § 1367(c)(3). Because none of Plaintiff's claims discussed above can survive dismissal, and because such claims appear to be the only ones raised over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over whatever state law claims Plaintiff also attempts to raise in his complaint. See Martinez v. Simonetti, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained). Thus, to the extent Plaintiff raises state law claims under the Court's supplemental jurisdiction, such claims are dismissed.

**Plaintiff To Show Cause Why He Should Not Be Barred From Filing Any Future Civil Action *In Forma Pauperis* In This Court**

Plaintiff has a history of bringing non-meritorious *in forma pauperis* actions in this Court which have been dismissed *sua sponte*. See Courtney v. Sarah Lawrence Coll., No. 06 Civ. 6261 (KMW) (S.D.N.Y. Apr. 14, 2006) (*in forma pauperis* action dismissed because it lacked an arguable basis in

5

law or fact), appeal dismissed, No. 06-4584 (2d Cir. Dec. 6, 2006) (appeal dismissed for the same reason); Courtney v. NYS Judiciary, No. 05 Civ. 8245 (MBM) (S.D.N.Y. Sept. 26, 2005) (*in forma pauperis* action dismissed due to lack of subject matter jurisdiction pursuant to the Eleventh Amendment), appeal dismissed, No. 05-6747 (2d Cir. Dec. 6, 2006) (appeal dismissed because it lacked an arguable basis either in law or fact). Plaintiff has been warned by this Court as to the consequences of repeatedly filing non-meritorious actions. Courtney, No. 06 Civ. 6261 (KMW), at 7 n. 3. It appears that Plaintiff has not heeded the abovementioned warning because by submitting this action he has, once again, filed a non-meritorious *in forma pauperis* action. The Court, therefore, is inclined to bar Plaintiff from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. See 28 U.S.C. § 1651(a); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.), 613 F.2d 388, 390-91 (2d Cir. 1979) (per curiam). Thus, Plaintiff is directed to show cause why he should not be barred from bringing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard").

Accordingly, Plaintiff is directed to show cause by affirmation, within twenty (20) days of the date of this order, why he should not be barred from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file.[3] If Plaintiff fails to submit his affirmation within the time allowed, or fails to show good cause why he cannot comply, Plaintiff will be barred

---

[3] For Plaintiff's convenience, an Affirmation form is attached to this order. Plaintiff should complete the Affirmation Form and submit it this Court's *Pro Se* Office within twenty (20) days of the date of this order.

from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. If an affirmation is timely filed by Plaintiff, it shall be reviewed by the Court to determine whether Plaintiff has demonstrated sufficient cause as to why he should not be barred from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file.

### CONCLUSION

Accordingly, Plaintiff's action is dismissed as his claims "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff must submit an affirmation to this Court's *Pro Se* Office, within twenty (20) days of the date of this order, showing cause as to why this Court should not bar Plaintiff from filing any future civil action in this Court *in forma pauperis* without first obtaining the Court's leave to file. Furthermore, Plaintiff is directed to attach a copy of this order to any future initial pleading or petition he may file in any federal district court, including this Court. Nothing in this order shall preclude Plaintiff from paying the full filing fee to bring a new civil action in this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LORETTA A. PRESKA
United States District Judge

Dated: **MAR 1 1 2008**
New York, New York

7